|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| JAMES PHILIP DOUGLAS,<br><br>            Petitioner,<br>   v.<br><br>MARGARET GILBERT,<br><br>            Respondent. | CASE NO. C16-6060 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 16), and Petitioner's objections to the R&R (Dkt. 17).

The factual and procedural background of this case are set forth in the R&R, which was issued on August 9, 2017. Dkt. 16. On August 23, 2017, Petitioner filed his objections to the R&R. Dkt. 17.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Petitioner objects to the R&R on four grounds. First, Petitioner briefly reiterates his argument that his sentence was imposed in violation of the ex post facto clause. Dkt. 17 at 1. Second, Petitioner argues that he was denied his Sixth Amendment right to counsel during the second phase of his trial to determine whether circumstances existed

to justify the imposition of an exceptional sentence. *Id.* at 2. Third, Petitioner argues that he was denied his right to a speedy trial. *Id.* Fourth, Petitioner argues that the R&R erroneously placed the burden on Plaintiff to show that his counsel's failure to suppress evidence at trial resulted in actual prejudice. *Id.*

The Court rejects Petitioner's first, third, and fourth objections. To support these arguments, Petitioner merely restates the claims as they are set forth in his petition. He does not otherwise assign any error to the R&R's analysis of his claims. Having reviewed the R&R, the Court adopts its analysis on these claims and concludes that they must be dismissed.

However, regarding Petitioner's second argument, the Court notes that the R&R recommends denying Petitioner's Sixth Amendment right to counsel claim on the basis that it was improperly raised in Petitioner's reply. *See* Dkt. 16 at 18 n.7. The R&R accurately notes that this claim was not raised in the petition. *See* Dkt. 7 at 5–8. However, the R&R does not consider whether the claim could be added to the petition via amendment. Under 28 U.S.C. § 2252, the petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." In turn, "Rule 15(a) [of the Federal Rules of Civil Procedure] is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergan Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (internal quotation marks omitted). In assessing the propriety of an amended complaint, courts may consider the following factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment.

*Corinthian Colleges*, 655 F.3d at 995. "Unless *undue* prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey v. United States*, 481 F.2d 1187, 1190 (1973) (emphasis added).

Because the R&R dismisses Petitioner's claim regarding the absence of counsel during the second phase of his trial on the basis that it was first raised in the reply, it appears that the R&R relies exclusively on Petitioner's delay in asserting such a claim. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987) ("[D]elay, by itself, is insufficient to justify denial of leave to amend."). Accordingly, the Court will remand this case for further consideration of whether the petition may be amended to add the Sixth Amendment claim that was raised for the first time in Petitioner's reply.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part** and Plaintiff's claims for a speedy trial violation, an ex post facto clause violation, and ineffective assistance of counsel are **DISMISSED**;

(2) A certificate of appealability on these claims should not issue, and;

(3) This action is **REMANDED in part** for further proceedings to determine whether the petition may be amended to add the claim raised in Petitioner's reply.

Dated this 20th day of September, 2017.

BENJAMIN H. SETTLE
United States District Judge