UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES PHILIP DOUGLAS,

    Petitioner,

v.

MARGARET GILBERT,

    Respondent.

CASE NO. 3:16-CV-06060-BHS-DWC

ORDER

The District Court has referred this 28 U.S.C. § 2254 action to United States Magistrate Judge David W. Christel. On August 9, 2017, the undersigned entered a Report and Recommendation ("R&R") recommending Petitioner James Philip Douglas's federal habeas Petition be denied. Dkt. 16. After Petitioner filed Objections (Dkt. 17), the Honorable Benjamin H. Settle, the District Judge assigned to this case, adopted in part the R&R and "Petitioner's claims for a speedy trial violation, an ex post facto violation, and ineffective assistance of counsel [were] dismissed." Dkt. 18, p. 3 (emphasis omitted). Judge Settle, however, remanded this action "for further proceedings to determine whether the petition may be amended to add the claim raised in Petitioner's reply." *Id.*

The Court, therefore, interprets Petitioner's Reply (Dkt. 12) as a Motion to Amend the Petition and the Reply is hereby re-named "Motion to Amend the Petition." To ensure the parties have an opportunity to respond the Motion to Amend the Petition, the Court orders:

1. Respondent to file a response to the Motion to Amend the Petition on or before November 3, 2017. The response should specifically address whether the Petition may be amended to add the Sixth Amendment claim.[1]
2. If Plaintiff wishes to file a reply to Respondent's response to the Motion to Amend the Petition, he must do so on or before December 1, 2017.

The Clerk is directed to re-name Docket 12 to "Motion to Amend the Petition" and note it for consideration on December 1, 2017.

Dated this 5th day of October, 2017.

David W. Christel
United States Magistrate Judge

---

[1] In his Reply, Petitioner alleges, for the first time, his counsel was ineffective for failing to argue for a lesser included offense on the assault charges. Dkt 12. Petitioner also alleges the state court violated Petitioner's rights by failing to appoint counsel during the sentencing phase of his second trial. *Id*. In his Objections to the R&R, Petitioner alleges only that the state court violated his rights by failing to appoint counsel during the sentencing phase of his trial. *See* Dkt. 17. Judge Settle's Order only discusses Petitioner's assertion that he was denied his Sixth Amendment right to counsel during the second phase of his trial. *See* Dkt. 18.